UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERRY L. MCGLONE, II,
    Plaintiff,

vs

WARREN CORRECTIONAL INSTITUTION,
et al.,
    Defendants.

Case No. 1:13-cv-126

Dlott, J.
Bowman, M.J.

**ORDER GRANTING PRISONER *IN FORMA PAUPERIS* STATUS AND ORDERING THE COLLECTION OF THE FULL FILING FEE**

Plaintiff is an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio. On February 25, 2013, the undersigned issued a Deficiency Order, requiring plaintiff to either pay the filing fee or submit an *in form pauperis* application, which includes a certified copy of his prison trust fund account statement for the preceding six-month period completed and signed by the prison cashier, within thirty days. (Doc. 2). Plaintiff failed to comply with the Deficiency Order within the requisite 30-day period. Therefore, on April 2, 2013, the undersigned issued a Report and Recommendation to dismiss the case for lack of prosecution. (Doc. 4). One day later, on April 3, 2013, plaintiff complied with the Deficiency Order by filing an *in forma pauperis* application containing the prison cashier's certification. (Doc. 5). On April 4, 2013, plaintiff also filed objections to the April 2, 2013 Report and Recommendation, arguing that delays by the prison cashier caused him to miss the 30-day filing deadline set in the Deficiency Order. (Doc. 6). Given that plaintiff has now complied with the Deficiency Order, and in light of plaintiff's explanation for his delay in filing, the undersigned hereby **VACATES**

the April 2, 2013 Report and Recommendation to dismiss the case for lack of prosecution. This matter is now before the Court for ruling on plaintiff's motion for leave to proceed *in forma pauperis* in connection with his civil complaint, as supplemented by plaintiff in accordance with the February 25, 2013 Deficiency Order. (Docs. 1, 5; *see also* Doc. 2).

In accordance with section 804(a)(3) of the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(b)(1), plaintiff must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to his prison account or the average monthly balance in his account for the six month period immediately preceding the filing of the complaint. After payment of the initial partial filing fee, plaintiff is further required to make monthly payments of 20 percent of the preceding month's income credited to his prison account until he pays the full amount of the filing fee. 28 U.S.C. § 1915(b)(2).

Plaintiff's application and trust fund account statement reveal that he has insufficient funds in his prison account to pay the full filing fee.

After consideration by this Court of the plaintiff's affidavit of indigence only, without regard to the merits of this case, plaintiff's supplemented motion to proceed *in forma pauperis* (Docs. 1, 5) is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. §1915(b)(1), the custodian of plaintiff's inmate trust fund account at the institution where he now resides is directed to calculate, as an initial partial payment, twenty percent (20%) of the greater of:

(a) the average monthly deposits to the inmate trust account; or

(b) the average monthly balance in the inmate trust account, for the six (6) months immediately preceding February 19, 2013. The custodian is **ORDERED** to complete and to submit to the Clerk of Court in Cincinnati, Ohio the attached form showing his calculation of the initial partial filing fee. The custodian is further **ORDERED** to forward from plaintiff's prison

account to the Clerk of Court located in Cincinnati, Ohio the initial partial filing fee, as funds become available in plaintiff's account until the initial filing fee is paid. Even if the account is under ten dollars ($10.00), the custodian must still forward payments to the Clerk of Court to pay the initial filing fee.

After full payment of the initial partial filing fee, the custodian shall forward to the Clerk of Court located in Cincinnati, Ohio monthly payments of twenty percent (20%) of plaintiff's preceding monthly income credited to his prison account, but only when the amount in the account exceeds ten dollars ($10.00), until the full fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk of the Court. 28 U.S.C. §1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this Order to the institutional cashier.

*The prisoner's name and case number <u>must</u> be noted on each remittance.*

Checks are to be made payable to: **Clerk, U.S. District Court**.

Checks are to be sent to:

> **Prisoner Accounts Receivable**
> **103 Potter Stewart United States Courthouse**
> **100 East 5th Street**
> **Cincinnati, Ohio 45202**

**IT IS SO ORDERED.**

> */s/ Stephanie K. Bowman*
> United States Magistrate Judge

CALCULATION OF INITIAL PARTIAL FILING FEE

Prisoner's name_____

Case no.

Average Monthly Balance $
 (For six month period preceding filing of complaint or notice of appeal)

Average Monthly Deposits $
 (For six month period preceding filing of complaint or notice of appeal)

Initial Partial Filing Fee $
 (the greater of the average monthly deposits or the average monthly balance x .20)

_____  _____
Date  Signature of Authorized Officer