# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JERRY L. MCGLONE, II,<br>    Plaintiff, | Case No. 1:13-cv-126 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARREN CORRECTIONAL<br>INSTITUTION, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Warren Correctional Institution (WCI) in Lebanon, Ohio, brings this civil rights action against WCI; the Ohio Department of Rehabilitation and Correction (ODRC); Ross Correctional Institution (RCI) and Ross Correctional Camp (RCC) located in Chillicothe, Ohio; the Oakwood Mental Hospital located in Lima, Ohio; and various correctional officers and medical doctors employed at RCI.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

v. *Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against the following defendants:  ODRC; WCI; RCI; RCC; the Oakwood Mental Hospital; RCI correctional officers, Mitchell and "Lt. Lumberger;" Dr. Tedrick, a physician employed at RCI; and unnamed "Medical Doctors/Mental Doctors" at RCI.  Plaintiff alleges that before his transfer to WCI, he was previously incarcerated at RCI.  (Doc. 1, Complaint, p. 5).  Construing the complaint liberally, it appears that plaintiff is asserting claims stemming from various incidents that occurred when he was an inmate at RCI, as well as a claim challenging his treatment at WCI.

Specifically, in challenging his treatment at WCI, plaintiff alleges that he was placed and lived for six and one-half months in a prison cell, where he was exposed to "mold and mildew." (*Id.*). Plaintiff avers that although he sent "kites" to the Warden, Deputy Warden, and "Head Person Ms. Crawford" in Columbus, "[n]othing was done" until the officials decided to condemn

3

the cell and move him to another location in the prison. (*Id.*, pp. 3, 5). In challenging his treatment during the time he resided at RCI, plaintiff alleges that he was "poisoned with jimson seed[]s," which nearly killed him, "mess[ed] up [his] mind," and caused his mental illness that will last "for the rest of [his] life." He brings a claim against RCC and Oakwood Mental Hospital based on that allegation. (*See id.*, p. 4). Plaintiff also alleges that he was given the "wrong medications" on August 16, 2010, which caused him to have a heart attack so severe that he was "pronounce[d] dead" at RCI. (*Id.*, p. 5). Plaintiff suggests that as a result of the incident, he is now having to be "treated for high blood pressure[] and . . . mental conditions." (*Id.*). Finally, plaintiff alleges that on January 9, 2012, he was assaulted by defendants Lumberger and Mitchell at RCI. (*Id.*). As relief, plaintiff requests $10,000,000 in damages "for my pain and suffering[,] mental stress, my high blood pressures." (*Id.*, p. 6 & "Civil Cover Sheet").

As an initial matter, it appears that the case is properly filed with this Court to the extent that plaintiff alleges a claim challenging his treatment at WCI. WCI is located in Warren County, a county within the Western Division that is served by this Court. *See* Local Rule 82.1(b). However, RCI is in Ross County, which is located within this District's Eastern Division. *See id.* The claims contained in the instant complaint relating to incidents and conditions occurring at RCI are clearly separate and distinct from the one that is properly before this Court as they arose at another location outside this Court's purvey, involved different defendants, and stemmed from different conditions and incidents occurring in different time frames. Therefore, plaintiff's joinder of the two sets of claims in a single civil action does not satisfy the criteria for joinder under Fed. R. Civ. P. 20(a). Fed. R. Civ. P. 21 provides that the misjoinder of parties "is not a ground for dismissing an action," but that the court may "on its own . . . add or drop a party" and "sever any claim against a party." Here, it is appropriate to order the severance of those claims

4

that fall outside this Court's venue jurisdiction. Once the claims are severed, the claims must be transferred to the Eastern Division of this Court under Local Rule 82.1 because "that is where the rule would have required them to be brought had they been properly filed in a separate action." *Cf. Brown v. Warden Voorhies, et al.*, No. 2:07-cv-13 (S.D. Ohio June 13, 2007) (Frost, J.; Kemp, M.J.) (Doc. 6, p. 3).

With respect to plaintiff's remaining claim for damages stemming from his treatment at WCI, plaintiff has failed to state a claim upon which relief may be granted by this Court. In order to state a claim under 42 U.S.C. § 1983, the plaintiff must allege that the claimed federal violation "was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). After severing the RCI defendants from the complaint, the only defendants remaining in the case before this Court are WCI and the ODRC. However, neither the state prison facility nor the state corrections department is an entity that is capable of being sued under § 1983. *Cf. Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein) (holding that neither the state department of corrections, as an "administrative department of the state," nor the state prison's medical department, which "may be seen as nothing more than an arm" of the department of corrections, is a "person" within the meaning of § 1983); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002) (affirming dismissal of complaint for failure to state a claim under § 1983 because the plaintiff named a state agency, the department of corrections, as the sole defendant); *DiBiase v. Lake Cnty. Detention Facility*, No. 1:12cv944, 2012 WL 3061448, at *2 (N.D. Ohio July 26, 2012) (and cases cited therein) (holding a detention facility is "not a 'person' subject to suit under § 1983"); *Kimbrough v. Lois DeBerry Special Needs Facility*, No. 3:12cv782, 2012 WL 3597208, at *2 (M.D. Tenn. Aug. 17, 2012) (and cases cited therein) (holding that "the state prison facility, itself, is not a

person or a legal entity that can be sued under 42 U.S.C. § 1983"); *Poole v. Michigan Reformatory,* No. 09-cv-13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11, 2009) (and cases cited therein) (holding that state prisons operated by the state department of corrections "are not 'persons' or legal entities subject to suit under 42 U.S.C. § 1983"); *see also Johnson v. Smith*, No. 1:12cv216, 2012 WL 1757493, at *3 (S.D. Ohio May 16, 2012) (Wehrman, M.J.) (and case quoted therein) (dismissing claim against state prison medical department for failure to state a claim because it is not a "person" within the meaning of § 1983), *adopted*, 2012 WL 2135597 (S.D. Ohio June 12, 2012) (Beckwith, J.); *Adams v. Tennessee Dep't of Corrections*, No. 3:12cv787, 2012 WL 3402174, at *3 (M.D. Tenn. Aug. 14, 2012) (holding that the state department of corrections was not a "suable entity under § 1983, either for damages or injunctive relief"). In any event, in this case, where plaintiff seeks only damages as relief, the Eleventh Amendment bars plaintiff's cause of action under § 1983 against the state agency defendants. *See Rodgers*, 29 F. App'x at 260 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989)).

**IT IS THEREFORE ORDERED THAT:**

1. The following claims be severed from this case and transferred to the Eastern Division of this Court at Columbus:

Plaintiff's claims against the following defendants based on the conditions of confinement and the propriety of a variety of incidents that allegedly occurred when plaintiff was incarcerated at RCI: RCI; RCC; the Oakwood Mental Hospital; RCI correctional officers, Mitchell and "Lt. Lumberger;" Dr. Tedrick, a physician employed at RCI; and unnamed "Medical Doctors/Mental Doctors" at RCI.

To effectuate this Order, the Clerk shall open a new case in the Eastern Division and shall

file all the documents of record that have been filed thus far in this case in the new case. However, the Clerk shall cause the docket in the new case to reflect as defendants only those parties identified as defendants in the severed cause of action.

## IT IS THEREFORE RECOMMENDED THAT:

1. The remaining claims before this Court against defendants WCI and the ODRC be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

/s/*Stephanie K. Bowman*
United States Magistrate Judge

.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JERRY L. MCGLONE, II,            Case No. 1:13-cv-126
    Plaintiff,

                                                  Dlott, J.
vs.                                        Bowman, M.J.

WARREN CORRECTIONAL INSTITUTION, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc